IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PHARMERICA DRUG SYSTEMS, LLC, a Delaware limited liability company,<br><br>    PLAINTIFF<br><br>v.<br><br>CHAMPAIGN REGIONAL REHAB CENTER, LLC, a Florida limited liability company,<br><br>    Serve:  Mark Hartig, Registered Agent<br>              24641 US Hwy 19 N.<br>              Clearwater, FL 33763<br><br>TRADITIONS SENIOR MANAGEMENT, INC., a Nevada corporation,<br><br>    Serve:  William Ignatuck, Registered Agent<br>              24641 US Hwy 19 N.<br>              Clearwater, FL 33763<br><br>SAVOY HCP I, LLC a Florida limited liability company,<br><br>    Serve:  Mark Hartig, Registered Agent<br>              24641 US Hwy 19 N.<br>              Clearwater, FL 33763<br><br>    DEFENDANTS | Civil Action No. _____ |

# COMPLAINT

Plaintiff, PharMerica Drug Systems, LLC ("PharMerica"), states as follows for its Complaint against Defendants:

## NATURE OF THE ACTION

1. This action arises out of Defendants' failure to pay PharMerica for pharmacy services and goods provided by PharMerica to the residents of Champaign Regional Rehab Center, LLC ("Champaign"). Champaign leases the land from affiliate Savoy HCP I, LLC ("Landlord"), and has improperly diverted funds to the Landlord. Champaign is managed and controlled by Traditions Senior Management, Inc. ("Traditions"), and Traditions improperly used its management control to divert funds from Champaign to Traditions and Landlord.

## THE PARTIES

2. PharMerica is a Delaware limited liability company with its principal place of business in Louisville, Kentucky. PharMerica's sole member is Pharmacy Corporation of America, a California corporation with a principal place of business in Louisville, Kentucky. PharMerica provides pharmacy services and goods to residents of long term care and skilled nursing facilities under "arrangements," as that term is used under federal law.

3. Champaign is a Florida limited liability company. Upon information and belief, none of Champaign's members are citizens of – or maintain their domicile within – California or Kentucky.

4. Traditions is a Nevada corporation with a principal place of business in Clearwater, Florida.

5. Landlord is a Florida limited liability company. Upon information and belief, none of Landlord's members are citizens of – or maintain their domicile within – California or Kentucky.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332 in that there is complete diversity of citizenship of the parties and the amount in controversy collectively exceeds $75,000, exclusive of interest and costs.

7. The Court has personal jurisdiction over Defendants because they are Florida entities, and they have a principal place of business in Florida.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claims in this action occurred in this judicial district.

### STATEMENT OF FACTS

9. PharMerica entered into a contract with Champaign to provide pharmacy goods and services to the residents of Champaign under "arrangements" (the "Pharmacy Services Agreement").

10. PharMerica performed all obligations required of it under the Pharmacy Services Agreement, as modified from time to time, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

11. Pursuant to the Pharmacy Services Agreement with Champaign and PharMerica's performance thereunder, Champaign is obligated to pay for the services provided by PharMerica.

12. Despite repeated demands for the sums due and owing under the Pharmacy Services Agreement, Champaign has failed and refused to pay for services provided by PharMerica. The outstanding balance is accruing interest pursuant to the terms of the Pharmacy Services Agreement.

13. PharMerica conferred with Defendants numerous times regarding the outstanding invoices for goods and services provided at Champaign and amounts past due and made repeated demands for payment.

14. During conferences between PharMerica and Defendants, Defendants represented to PharMerica that the outstanding invoices would be paid and requested that PharMerica continue to provide services in accordance with the Pharmacy Services Agreement.

15. PharMerica relied upon Defendants' representations in continuing to provide services at Champaign.

16. Despite PharMerica's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Champaign failed to pay for services provided by PharMerica.

17. Champaign entered into the Pharmacy Services Agreement and modifications with PharMerica or induced PharMerica to continue to provide services with no intention of paying outstanding invoices or otherwise performing as required under the Pharmacy Services Agreement.

18. Upon information and belief, Champaign has been reimbursed by Medicare for all or a significant portion of the services provided by PharMerica, and have directly or indirectly benefited from such reimbursement.

19. The Pharmacy Services Agreement provides that any notice of termination issued by Champaign while there are payment amounts past due under said agreement is void, and that Champaign may not terminate the Pharmacy Services Agreement unless it is current.

20. Nevertheless, Champaign terminated the Pharmacy Services Agreement without giving timely notice and while there were payment amounts past due.

21. Defendants have arranged it so that Champaign incurs all of the unsecured debt, but Defendants ensure that it has little-to-no assets, thus leaving it undercapitalized.

22. Landlord and Traditions own the valuable real estate and/or receive valuable

Medicare funds that are diverted to them from Champaign.

23. Traditions controls Champaign's funds, decides which of Champaign's creditors to pay, and decides when to pay Champaign's creditors.

24. At the time Landlord and Traditions transferred the funds from Champaign, Champaign was insolvent, or Champaign became insolvent as a result of said transfers.

25. Upon information and belief, in 2010, while PharMerica was not paid timely, if at all, Champaign paid Traditions at least $687,467, and Landlord at least $832,053.

26. Upon information and belief, in 2011, while PharMerica was not paid, Champaign paid Traditions at least $700,229 and paid the Landlord at least $837,941.

27. Traditions and Landlord knew of the Pharmacy Services Agreement between Champaign and PharMerica and without justification used their common ownership, management, or control to cause Champaign to breach the Pharmacy Services Agreement by causing Champaign to terminate the Pharmacy Services Agreement and divert funds owed PharMerica solely for their gain, or to harm PharMerica.

28. Defendants transfer funds among them or ensuring that insider debts are paid before, or to the exclusion of, third party creditors, such as PharMerica.

29. Champaign is undercapitalized to benefit the other Defendants.

30. Champaign acts as a mere business conduit for the other Defendants, including but not limited to the above-market payment of management fees and rent to Traditions and Landlord, respectively.

31. Defendants were created not to limit liability, but to evade or avoid the requirements of the law.

32. Defendants operate without respect for corporate formalities and in a manner that

5

is inconsistent with their being separate and distinct legal entities, such that each Defendant must be held jointly and severally liable for the obligations of all the Defendants to avoid fraud, injustice and to uphold equitable principles.

### COUNT I – BREACH OF CONTRACT
(All Defendants)

33. To the extent they are not inconsistent with the claims in this Count, PharMerica incorporates by reference the allegations previously set forth above.

34. Without legal justification or excuse, Champaign materially breached the Pharmacy Services Agreement with PharMerica by failing to perform its obligations thereunder, including the failure to pay timely and improperly terminating the Pharmacy Services Agreement.

35. As a direct and proximate result of the breach of the Pharmacy Services Agreement, PharMerica has suffered damages, including the amounts invoiced, lost profits, interest, and attorneys' fees.

36. Interest is accruing on the unpaid balance of invoices per the Pharmacy Services Agreement.

37. Pursuant to the Pharmacy Services Agreement, PharMerica is entitled to recover its attorneys' fees.

38. Defendants were created not to limit liability, but to evade or avoid the requirements of the law.

39. Defendants operate without respect for corporate formalities and in a manner that is inconsistent with their being separate and distinct legal entities, such that each Defendant must be held jointly and severally liable for the obligations of all the Defendants to avoid fraud, injustice and to uphold equitable principles.

WHEREFORE, PharMerica Drug Systems, LLC, requests judgment against Defendants, jointly and severally, as follows:

 A. An award of damages in an amount to be proven at trial;

 B. PharMerica's attorneys' fees, costs, and expenses associated with prosecution of this action;

 C. Punitive damages;

 D. Pre-judgment and post-judgment interest; and

 E. All other relief to which PharMerica may be entitled.

<u>COUNT II – PROMISSORY ESTOPPEL</u><br>(All Defendants)

40. To the extent they are not inconsistent with the claims in this Count, PharMerica incorporates by reference the allegations previously set forth above.

41. Defendants, or duly authorized representatives of Defendants, made promises to PharMerica for the purpose of inducing it to continue providing services to Champaign.

42. PharMerica reasonably relied upon such promises.

43. Defendants' promises and PharMerica's reliance thereon resulted in detriment and damages to PharMerica and PharMerica is entitled to recover damages in an amount to be proven at trial.

44. Defendants were created not to limit liability, but to evade or avoid the requirements of the law.

45. Defendants operate without respect for corporate formalities and in a manner that is inconsistent with their being separate and distinct legal entities, such that each Defendant must be held jointly and severally liable for the obligations of all the Defendants to avoid fraud, injustice and to uphold equitable principles.

WHEREFORE, PharMerica Drug Systems, LLC, requests judgment against Defendants, jointly and severally, as follows:

    A. An award of damages in an amount to be proven at trial;

    B. PharMerica's attorneys' fees, costs, and expenses associated with prosecution of this action;

    C. Punitive damages;

    D. Pre-judgment and post-judgment interest; and

    E. All other relief to which PharMerica may be entitled.

### COUNT III – UNJUST ENRICHMENT
(All Defendants)

46. To the extent they are not inconsistent with the claims in this Count, PharMerica incorporates by reference the allegations previously set forth above.

47. PharMerica has provided valuable services to the Facilities for which it has not been paid.

48. PharMerica's services were rendered under circumstances pursuant to which Defendants reasonably should have expected PharMerica would expect to be compensated.

49. Defendants have knowingly and willingly received, or will receive, reimbursement by Medicare, directly or indirectly, for services provided by PharMerica, and have wrongfully and intentionally withheld or will withhold such amounts from PharMerica as PharMerica is entitled to such funds as an under arrangements Medicare provider.

50. Consequently, Defendants have been unjustly enriched through the receipt of such services and at the expense of PharMerica.

51. Furthermore, Defendants have a legal and fiduciary duty to immediately remit proceeds received in reimbursements from Medicare to PharMerica if they have not timely paid

invoices as required by the Pharmacy Services Agreement.

52. For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Defendants as reimbursement by Medicare for therapy and rehabilitation services provided by PharMerica, plus interest, costs, and attorneys' fees.

53. Defendants were created not to limit liability, but to evade or avoid the requirements of the law.

54. Defendants operate without respect for corporate formalities and in a manner that is inconsistent with their being separate and distinct legal entities, such that each Defendant must be held jointly and severally liable for the obligations of all the Defendants to avoid fraud, injustice and to uphold equitable principles.

WHEREFORE, PharMerica Drug Systems, LLC, requests judgment against Defendants, jointly and severally, as follows:

    A. An award of damages in an amount to be proven at trial;

    B. PharMerica's attorneys' fees, costs, and expenses associated with prosecution of this action;

    C. The imposition of a constructive trust on sums received by defendants as Medicare reimbursement for therapy and rehabilitation services provided by PharMerica and not paid for by defendants;

    D. Punitive damages;

    E. Pre-judgment and post-judgment interest; and

    F. All other relief to which PharMerica may be entitled.

## COUNT IV – ACCOUNT STATED
(All Defendants)

55. To the extent they are not inconsistent with the claims in this Count, PharMerica incorporates by reference the allegations previously set forth above.

56. Pursuant to the Pharmacy Services Agreement with PharMerica, Champaign agreed to pay PharMerica for the services it supplied to Champaign.

57. PharMerica delivered invoices for services rendered by PharMerica to Champaign.

58. Champaign, without justification, excuse or dispute of such invoices, has not paid PharMerica any part of the amounts invoiced.

59. Defendants were created not to limit liability, but to evade or avoid the requirements of the law.

60. Defendants operate without respect for corporate formalities and in a manner that is inconsistent with their being separate and distinct legal entities, such that each Defendant must be held jointly and severally liable for the obligations of all the Defendants to avoid fraud, injustice and to uphold equitable principles.

WHEREFORE, PharMerica Drug Systems, LLC, requests judgment against Defendants, jointly and severally, as follows:

    A. An award of damages in an amount to be proven at trial;

    B. PharMerica's attorneys' fees, costs, and expenses associated with prosecution of this action;

    C. Punitive damages;

    D. Pre-judgment and post-judgment interest; and

    E. All other relief to which PharMerica may be entitled.

### COUNT V – TORTIOUS INTERFERENCE WITH CONTRACTS
(Traditions and Landlord)

61. To the extent they are not inconsistent with the claims in this Count, PharMerica incorporates by reference the allegations previously set forth above.

62. Traditions and Landlord knew of the Pharmacy Services Agreement between PharMerica and Champaign.

63. Traditions and Landlord used their common ownership, management, or control of Champaign to intentionally, maliciously and without justification, cause Champaign to breach the Pharmacy Services Agreement with PharMerica for their benefit in that they diverted funds due PharMerica solely for their own gain, and they caused Champaign to improperly terminate the Pharmacy Services Agreement in violation of said agreement.

64. As a direct and proximate cause of this tortious interference, PharMerica has been damaged in an amount to be proven at trial.

WHEREFORE, PharMerica Drug Systems, LLC, requests judgment against Traditions and Landlord as follows:

> A. An award of damages in an amount to be proven at trial;
>
> B. PharMerica's attorneys' fees, costs, and expenses associated with prosecution of this action;
>
> C. Punitive damages;
>
> D. Pre-judgment and post-judgment interest; and
>
> E. All other relief to which PharMerica may be entitled

Dated: November 27, 2012

                        Respectfully Submitted,

By: _____
Keith T. Appleby (Fl. Bar #0011028)
Hill Ward & Henderson P.A.
101 E. Kennedy Boulevard, Ste. 3700
Tampa, Florida 33602
Telephone: (813) 221-3900
Facsimile:   (813) 221-2900
kappleby@hwhlaw.com

- and –

Benjamin C. Fultz
Jennifer Metzger Stinnett
FULTZ MADDOX HOVIOUS & DICKENS PLC
101 South Fifth St., 27th Floor
Louisville, Kentucky 40202
Phone: (502) 588-2000
Fax: (502) 588-2020
BFultz@fmhd.com
JStinnett@fmhd.com

*Counsel for Plaintiff*